IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LINCOLN** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **JOHN A. PALAKOVICH, et al., THE** | : | |
| **DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PHILADELPHIA, and THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF TOM CORBETT** | : | NO. 07-1373 |

MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                                        **JUNE 18, 2008**

      Petitioner Robert Lincoln ("Lincoln"), a prisoner incarcerated in the State Correctional Institution at Smithfield, Pennsylvania, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court referred the petition to the Honorable Charles B. Smith, Chief United States Magistrate Judge for the Eastern District of Pennsylvania ("Judge Smith"). Judge Smith filed a Report and Recommendation ("R&R") that Lincoln's habeas petition be denied. Lincoln filed objections. Lincoln's objections will be overruled, and the R&R will be approved and adopted.

I.      FACTS AND PROCEDURAL HISTORY

      On October 27, 2003, Lincoln entered a negotiated guilty plea to robbery, aggravated assault, and attempted murder in the Philadelphia Court of Common Pleas. He was sentenced to an aggregate term of sixteen to forty years' imprisonment on the attempted murder charge, and twenty years of reporting probation for the robbery.

      Lincoln filed a counseled notice of appeal to the Pennsylvania Superior Court. Arnold Laiken ("Laiken"), counsel for Lincoln, neglected to file a docketing statement under

Pennsylvania Rule of Appellate Procedure 3517. On January 5, 2004, the court ordered Lincoln to file a docketing statement, but Laiken discontinued the appeal that day.

On February 3, 2004, Lincoln filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq*. He alleged Laiken provided ineffective assistance of counsel because he: (1) failed at the preliminary hearing to challenge Lincoln's detention for lack of evidence identifying him as the perpetrator; (2) performed an improper investigation, so that Lincoln was forced to accept the plea bargain; and (3) so undermined the truth-determining process that Lincoln's guilty plea must be withdrawn. The PCRA court appointed counsel. Appointed counsel filed a "no-merit" letter. Lincoln filed a response arguing his trial counsel was ineffective for failing to perfect an appeal and for failing to withdraw Lincoln's guilty plea. But Lincoln did not amend his PCRA petition to include his claim of ineffective assistance of counsel for failure to perfect an appeal. The PCRA court granted counsel's petition to withdraw and dismissed Lincoln's PCRA petition.

Lincoln appealed the PCRA court's decision and argued in a *pro se* brief: (1) trial counsel Laiken was ineffective for failing to appeal Lincoln's sentence; and (2) trial counsel Laiken was ineffective for failing to withdraw his guilty plea. Although his brief was unclear, Lincoln also appeared to argue that PCRA counsel was ineffective for failing to raise the aforementioned issues in an amended PCRA petition.

The PCRA court found that Lincoln's guilty plea was knowing, voluntary, and intelligent, and his ineffective assistance of counsel claims were without merit. By opinion dated June 19, 2006, the Pennsylvania Superior Court held: (1) Lincoln had waived his argument that trial counsel was ineffective for failing to file an appeal, because he did not raise this argument before

the PCRA court; and (2) the PCRA court did not abuse its discretion in concluding Lincoln's ineffective assistance of counsel claims lacked arguable merit.  The Pennsylvania Supreme Court denied Lincoln's request for allowance of appeal.

In this petition for writ of habeas corpus, Lincoln argues: (1) trial counsel was ineffective for failing to perfect an appeal; and (2) trial counsel was ineffective for failing to withdraw the guilty plea at Lincoln's request.  This court referred the petition to Judge Smith, who recommended that the habeas petition be denied because: (1) Lincoln's claim of ineffective assistance of counsel for failure to perfect his appeal was procedurally defaulted; and (2) Lincoln's claim of ineffective assistance of counsel for failure to withdraw the guilty plea failed on the merits.

In his objections, Lincoln claims that counsel was ineffective for failing to perfect his appeal, and that he has demonstrated cause and prejudice overcoming any procedural bar to his claim.  Lincoln did not object to Judge Smith's finding that his claim of ineffective assistance of counsel for failure to withdraw the guilty plea failed on the merits.  Lincoln points out Judge Smith did not have an opportunity to consider his traverse to the respondents' answer, filed after the R&R was submitted; the court will consider the traverse as well as Lincoln's objections.

## II. DISCUSSION

### A. Standard of Review

A district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objection is made.  See 28 U.S.C. § 636(b)(1)(c).

### B. Ineffective Assistance of Counsel for Failure to Perfect Appeal

Judge Smith found Lincoln's claim of ineffective assistance of counsel for failure to

3

perfect appeal was procedurally defaulted because it was not included in Lincoln's PCRA petition. Lincoln argues his claim of ineffective assistance of counsel for failure to perfect his appeal is not procedurally barred because he can demonstrate cause and prejudice for the procedural default. He argues he has a constitutional right to effective assistance of counsel on direct appeal.

Federal courts are precluded from reviewing a state petitioner's habeas claim if the state court decision rests on a state law ground independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). The petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

Here, the Pennsylvania Superior Court found Lincoln had waived his claim of ineffective assistance of counsel for failure to perfect his appeal because he did not raise this claim before the PCRA court. If a postconviction petitioner fails to raise a claim in a PCRA petition presented to the PCRA court, the claim is not eligible for appellate review. See Commonwealth v. Wallace, 724 A.2d 916, 921 n. 5 (Pa. 1999). The Superior Court is unable to determine issues presented for the first time on appeal. Commonwealth v. Brown, 767 A.2d 576, 585 (Pa. Super. 2001). Because Lincoln did not include his claim of ineffective assistance of counsel for failure to perfect appeal in his PCRA petition, the claim was procedurally defaulted and the Superior Court found it ineligible for review.

There is cause for a procedural default if it was the result of ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). Lincoln cites Romero v. Tansy, 46 F.3d

1024, 1027 (10th Cir. 1995), where the petitioner was convicted of armed robbery with firearm enhancement after a jury trial. Romero then pled guilty to a single offense in each of four untried criminal actions pending against him. Id. He did not appeal his convictions. Arguing, in part, ineffective assistance of counsel, Romero filed a petition for writ of habeas corpus in state court, but the state court summarily denied the petition. Id. at 1027-28. Romero then filed a federal habeas petition challenging his five convictions, and alleging ineffective assistance of counsel among other claims. Id. On appeal, the Tenth Circuit Court of Appeals found Romero had procedurally defaulted his claims because he did not directly appeal any of his five convictions so the state court dismissed Romero's habeas petition without considering the merits. Id. at 1028. But the court stated that if counsel's failure to perfect a direct appeal violated Romero's right to effective assistance of counsel, there was both cause and prejudice overcoming any procedural bar to Romero's federal habeas claim. Id. at 1030. The court remanded to the district court to consider whether counsel was constitutionally ineffective. Id.

Lincoln incorrectly analogizes Romero to his own situation. In Romero, the court found procedural default because Romero's counsel did not perfect an appeal of his guilty plea, and found there may have been cause and prejudice for the procedural default if Romero's right to effective assistance of counsel was violated. Here, in contrast to Romero, procedural default did not occur on direct appeal. Procedural default occurred because Lincoln did not raise his claim in a PCRA petition. None of the other cases cited by Lincoln are relevant to this situation. Even if Lincoln is correct that there is cause and prejudice from counsel's failure to perfect an appeal of his guilty plea, the claim is still procedurally defaulted because he has not shown any cause for failure to raise his ineffective assistance of counsel claim in his PCRA petition. Lincoln's

objection will be overruled. Judge Smith's Recommendation will be approved and adopted with respect to this claim.

### C. Ineffective Assistance of Counsel for Failure to Withdraw Guilty Plea

In his habeas petition, Lincoln argues counsel was ineffective for failing to withdraw his guilty plea. But Lincoln did not object to Judge Smith's Recommendation that this claim failed on the merits. The court has reviewed Judge Smith's Recommendation and agrees that Lincoln has not demonstrated prejudice. There being no objection to Judge Smith's Recommendation, the Recommendation will be approved and adopted with respect to this claim.[1]

### III. CONCLUSION

Lincoln's objections will be overruled. Judge Smith's R&R will be approved and adopted. The petition for writ of habeas corpus will be denied. There is no probable cause to issue a certificate of appealability.

An appropriate order follows.

---

[1] In his traverse to the respondents' answer, Lincoln also appears to contend his PCRA counsel was ineffective, and argues his first opportunity to raise PCRA counsel's ineffectiveness arose before the Superior Court. The ineffectiveness of counsel during state collateral post-conviction proceedings is not a ground for relief in a federal habeas proceeding. 28 U.S.C. § 2254(i); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (declining to find prisoners have a constitutional right to counsel for collateral attacks on their convictions). To the extent Lincoln argues his PCRA counsel was ineffective, this argument fails.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LINCOLN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JOHN A. PALAKOVICH, et al., THE** | : | |
| **DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PHILADELPHIA, and THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF TOM CORBETT** | : | **NO. 07-1373** |

## ORDER

**AND NOW**, this 18th day of June, 2008, upon consideration of the petition for writ of habeas corpus, the Report and Recommendation of the Honorable Charles B. Smith, Chief United States Magistrate Judge, petitioner's objections to the Report and Recommendation, petitioner's traverse to answer, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

    1.    Petitioner's objections (paper no. 10) are **OVERRULED**.

    2.    The Report and Recommendation (paper no. 8) is **APPROVED** and **ADOPTED**.

    3.    The petition for a writ of habeas corpus (paper no. 1) is **DENIED**.

    4.    Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

    /s/ Norma L. Shapiro
    S.J.