**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT LINCOLN,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| **v.** | : | |
| | : | |
| **JOHN A. PALAKOVICH, THE** | : | |
| **DISTRICT ATTORNEY OF THE** | : | **No. 07-1373** |
| **COUNTY OF PHILADELPHIA, and** | : | |
| **THE ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **Respondents.** | : | |

**MEMORANDUM**

**NORMA L. SHAPIRO, J.**                                     **April 2, 2014**

Before the court is the Rule 60 Motion of Petitioner Robert Lincoln for Relief From Judgment or Order (ECF No. 31). Petitioner seeks relief from this court's August 24, 2011, order vacating his sentence unless petitioner's direct appeal was reinstated *nunc pro tunc* in Pennsylvania court within 180 days (ECF No. 27). Petitioner's motion will be granted.

## I.     FACTUAL AND PROCEDURAL HISTORY

On October 27, 2003, petitioner entered a negotiated guilty plea to robbery, aggravated assault, and attempted murder in the Philadelphia Court of Common Pleas. He was sentenced to an aggregate term of sixteen to forty years' imprisonment on the attempted murder charge and twenty years' probation for the robbery. During the plea colloquy, the court informed petitioner, if petitioner wished to appeal his sentence, he would first need to file a motion for reconsideration with the trial court within ten days of sentencing and then file a notice of appeal within thirty days. Petitioner did not file a motion for reconsideration or any other post-sentencing motion with the trial court.

On November 26, 2003, the Pennsylvania deadline, petitioner's counsel filed a notice of

1

appeal. On January 2, 2004, counsel filed a praecipe to discontinue the appeal.[1] On January 5, 2004, the Superior Court ordered petitioner's counsel to file a docketing statement, as required under Pennsylvania Rule of Appellate Procedure 3517, but discontinued the appeal the following day presumably in response to counsel's praecipe.

On February 3, 2004, petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541 *et seq.* ("PCRA"). The trial court appointed PCRA counsel. On May 26, 2005, PCRA counsel filed a "no merit" letter under *Pennsylvania v. Finley*, 550 A.2d 213 (Pa. Super. 1988), allowing counsel to withdraw from a PCRA action when counsel concludes there are no non-frivolous issues to raise. On August 25, 2005, the Court of Common Pleas denied petitioner's PCRA petition, and on October 26, 2005, it issued an opinion setting forth the reasons for its denial. On June 19, 2006, the Superior Court of Pennsylvania upheld the lower court's denial of the PCRA petition.

During the appeal of his PCRA petition, petitioner presented the Superior Court with three arguments for ineffective assistance of counsel: (1) counsel failed to perfect petitioner's direct appeal; (2) counsel failed to file a motion for reconsideration of petitioner's sentence; and (3) counsel failed to file a motion to withdraw petitioner's guilty plea. The Superior Court found that petitioner's first two grounds (failure to perfect direct appeal and failure to move for reconsideration) were raised for the first time on appeal and were never presented to the PCRA court, so they were procedurally defaulted. The Superior Court then addressed the merits of petitioner's claim for

---

[1] There has been some uncertainty regarding if and when counsel filed a praecipe to discontinue petitioner's appeal. The Court of Appeals concluded a praecipe was filed January 2, 2004, the same day it was signed by petitioner's counsel and postmarked for service by mail on the District Attorney. *Lincoln v. Palakovich*, 384 F. App'x 193, 194 n.3 (3d Cir. 2010). The Court of Appeals found the Superior Court order discontinuing the appeal was signed by the Prothonotary on January 6, 2004, although it was docketed on January 5, 2004. *Id.*

counsel's failure to move to withdraw petitioner's guilty plea and denied relief.

On April 5, 2007, petitioner filed a *pro se* petition for writ of *habeas corpus* in this court. The petition presented two grounds for relief: (1) trial counsel was ineffective for failing to perfect an appeal; and (2) trial counsel was ineffective for failing to withdraw petitioner's guilty plea. Petitioner did not argue counsel was ineffective for failing to file a motion for reconsideration. The action was referred to Magistrate Judge Charles B. Smith for a report and recommendation ("R&R"). Judge Smith recommended denying both claims. Judge Smith found petitioner had not overcome the state procedural default on his ineffectiveness claim for failing to perfect an appeal. On the merits of counsel's failure to withdraw, Judge Smith found the Pennsylvania court's determination was not contrary to or an unreasonable application of federal law. On June 19, 2008, the court adopted Judge Smith's R&R and denied petitioner's federal *habeas* claims.

Petitioner appealed. The Court of Appeals issued a certificate of appealability only on petitioner's procedurally defaulted claim (failure to perfect a direct appeal). *See Lincoln v. Palakovich*, 384 F. App'x 193, 195 n.6 (3d Cir. 2010) (noting that jurists of reason would not debate this court's denial of petitioner's claim of ineffectiveness for failure to move to withdraw petitioner's plea).

The Court of Appeals vacated this court's June 19, 2008, order and remanded the action to this court to address whether petitioner was prejudiced by his counsel's failure to perfect a direct appeal. The Court of Appeals directed the court to determine whether counsel failed to consult with petitioner before withdrawing petitioner's appeal. *Id.* at 196. It found that, if the evidence showed petitioner was denied his right to a direct appeal, his counsel's performance would constitute a "manifest injustice" because the "denial of [an] entire judicial proceeding itself, which [petitioner]

3

wanted at the time and to which he had a right," would be *per se* prejudicial. *Id.* (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). "[A]n unfair denial of [petitioner's] right to a direct appeal" is "manifest injustice sufficient to grant his petition for writ of habeas corpus" because the right to a meaningful appeal is guaranteed by the Constitution of the United States and may not be overwritten by a state procedural rule. *Id.*

On September 28, 2010, an evidentiary hearing was held to comply with the appellate mandate. Petitioner's counsel testified that petitioner requested counsel file motions for reconsideration and appeal. Sept. 28, 2010, Hearing Tr. at 35:14-36:13 (ECF No. 25). Petitioner testified he told counsel he wanted both a motion for reconsideration and an appeal while still in the courtroom immediately following his sentencing. *Id.* at 41:2-14. A letter from counsel to petitioner dated November 21, 2003, referred to a November 10, 2003, letter from petitioner[2] asking counsel to file the motion for reconsideration (four days after the time for filing a motion for reconsideration). *Id.* at 35:14-36:13. Counsel testified he had a telephone conversation with petitioner concerning the motion for reconsideration but could not recall whether the call occurred before petitioner's November 10, 2003, letter or the ten-day deadline for filing a motion with the court. *Id.* at 16:18-17:16. Counsel testified that he had no further communication with petitioner after counsel's November 21, 2003, letter. *Id.* at 26:23-27:4.

On August 24, 2011, the court found trial counsel's failure to consult with petitioner before withdrawing his appeal caused prejudice to petitioner by denying him a direct appeal on the merits and was manifest injustice sufficient to overcome petitioner's procedural default in the Pennsylvania PCRA proceedings. Petitioner's conviction and sentence were ordered vacated unless the

---

[2] This letter dated November 10, 2003, was not in the possession of any party and was not admitted in evidence. Its contents have been inferred from the reply.

Pennsylvania court reinstated petitioner's direct appeal *nunc pro tunc* within 180 days.   On December 9, 2011, the Pennsylvania Superior Court reinstated petitioner's direct appeal, but on July 9, 2013, the Pennsylvania Superior Court affirmed the judgment of sentence without reaching the merits of petitioner's arguments.  The Superior Court again found all petitioner's claims procedurally defaulted because petitioner failed to preserve issues for appeal either by objecting during the plea colloquy or filing a post-sentencing motion.  *See, e.g.*, *Pennsylvania v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); *see also* Pa. R. App. P. 302(a).  The Superior Court noted petitioner could bring a PCRA petition alleging his counsel's failure to preserve issues for appeal constituted ineffective assistance and, if the PCRA petition were successful, the Pennsylvania courts could reinstate his right to file post-sentencing motions *nunc pro tunc*.  *See, e.g.*, *Pennsylvania v. Lantzy*, 736 A.2d 564, 570 (Pa. 1999); *see also* 42 Pa. Cons. Stat. § 9542.  On September 16, 2013, the Superior Court denied petitioner's motion for reconsideration of its July 9, 2013, order.  However, this court, at the direction of the Court of Appeals, had already decided counsel's failure to preserve his right to appeal constituted ineffective assistance of counsel under federal law in violation of his constitutional rights, *see Flores-Ortega*, 528 U.S.  at 484-86, and petitioner was entitled to a direct appeal on the merits.

On October 14, 2013, petitioner filed the instant motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure.  Petitioner contends this court has the power to order the reinstatement of petitioner's post-sentencing motion rights in Pennsylvania courts *nunc pro tunc* under either Rule 60(a) or Rule 60(b)(6), permitting petitioner to pursue adjudication of his direct appeal on the merits.  The Commonwealth opposes petitioner's motion.

## II.    LEGAL STANDARD

Under Rule 60(a), a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  Rule 60(a) "is limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (quoting *Mack Trucks, Inc. v. Int'l Union, United Auto. Aerospace & Agric. Implement Workers of Am.*, 856 F.2d 579, 594 n.16 (3d Cir. 1988)).  If the relevant evidence of record "contain[s] some inconsistencies, the discrepancy [between the written order and the one purportedly intended] . . . involves more than a clerical mistake and is therefore outside the scope of Rule 60(a)." *Mack Trucks*, 856 F.2d at 594 n.16. "[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Pfizer*, 422 F.3d at 130 (modifications in original) (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 504-05 (5th Cir. 1994)).

Rule 60(b)(6) is broader than Rule 60(a) and allows a court to modify an order "in the interests of justice." Fed. R. Civ. P. 60(b)(6).  The court should only grant relief from judgment under Rule 60(b)(6) when a party seeking relief has shown "extraordinary circumstances" exist, that is, "extreme" and "unexpected" hardship will result if relief is not granted. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008); *see also Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978).  "This hardship requirement may sometimes be satisfied when the judgment precluded an adjudication on the merits.  But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget*

6

*Blinds*, 536 F.3d at 255 (internal quotation marks and citations omitted).  Motions made under Rule 60(b)(6) must be made within a "reasonable time."  Fed. R. Civ. P. 60(c).

The Court of Appeals has articulated a number of factors to be considered by a court in exercising its discretion under Rule 60(b).  These include, *inter alia*:  (1) the desirability to avoid disturbing a final judgment; (2) liberally construing Rule 60(b) in the interest of substantial justice; (3) whether the motion was made within a reasonable time; and (4) any prejudice or intervening equities that would make the grant of relief inequitable.  *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

The court will grant petitioner's motion under Rule 60(b)(6), so there is no need to decide whether petitioner could obtain relief under Rule 60(a).

### III.    DISCUSSION

Petitioner has shown extraordinary circumstances exist.  The Superior Court did not address petitioner's request for reinstatement directly in its July 9, 2013, opinion, but counseled petitioner to file a PCRA petition seeking such relief.  Petitioner brought the instant motion less than one month after the Superior Court denied his motion for reconsideration.  This is a reasonable time.

The Commonwealth has not demonstrated (or even asserted) it will suffer any prejudice if petitioner's motion is granted.  The lack of prejudice weighs in favor of granting the motion.

Judicial economy also weighs in favor of granting petitioner's motion.  Petitioner could file a PCRA petition in Pennsylvania court claiming counsel's failure to file any post-sentencing motions preserving issues for appeal denied him his fundamental right to a direct appeal.  In his PCRA petition, petitioner might seek relief identical to that sought here (to have his post-sentencing motion rights reinstated *nunc pro tunc*).  There is a strong likelihood petitioner will prevail on the merits of

such a petition for the same reasons his previous *habeas* petition succeeded, but only after potentially lengthy proceedings in Pennsylvania and (possibly) federal court.

Granting petitioner's motion would be in the interest of substantial justice. Petitioner has sought a direct appeal of his guilty plea in one forum or another for more than a decade. The Pennsylvania Superior Court's interpretation of this court's judgment has again deprived petitioner of an adjudication of his appeal on the merits. *See, e.g.*, *Boughner*, 572 F.2d at 979 (a Rule 60(b) motion  should be granted when "appropriate to accomplish justice").

The unique procedural history of this action and the federal conclusion that petitioner was deprived a fundamental right constitute "exceptional circumstances" entitling petitioner to Rule 60(b)(6) relief.  In previously granting petitioner's request for *habeas* relief, the court concluded petitioner suffered prejudice caused by his counsel's failure  to consult with him before depriving him of  a direct appeal on the merits.  August 24, 2011, Memorandum at 9 (ECF No. 26).  As the decision by the Court of Appeals made clear, this deprivation of a direct appeal was manifest injustice sufficient to overcome procedural default in petitioner's Pennsylvania PCRA petition.  *Id.* No "presumption of reliability" may be accorded "to judicial proceedings that never took place." *Flores-Ortega*, 528 U.S. at 483.

The same conclusions must be reached about counsel's failure to file motions with the sentencing court to preserve issues for appeal and his withdrawing an appeal without permission of his client. Petitioner told counsel he wished to pursue a direct appeal following his sentencing. *See, e.g.*, Sept. 28, 2010, Hearing Tr. at 35:14-36:13.  To have pursued a meaningful appeal, counsel was required to preserve issues with the sentencing court.  Counsel failed to consult with his client or take any actions to preserve his appeal before the time for filing a motion for reconsideration had

expired; this caused prejudice to petitioner.  This representation was ineffective assistance of counsel in violation of the Sixth Amendment and manifest injustice sufficient to overcome the procedural default in Pennsylvania court.

### IV.    CONCLUSION

Petitioner has shown extraordinary circumstances exist so that denying relief will result in extreme hardship.  Petitioner's motion to for relief from this court's August 24, 2011, order will be **GRANTED**.  Petitioner's conviction and sentence will be vacated unless petitioner's right to file post-sentencing motions and pursue a direct appeal on the merits is reinstated, *nunc pro tunc*, within 90 days.  An appropriate order follows.