IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LINCOLN<br><br>Petitioner,<br><br>v.<br><br>PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al.<br><br>Respondents. | CIVIL ACTION<br>No. 07-1373 |

**OPINION**

**Slomsky, J.** **July 31, 2026**

## I. INTRODUCTION

Before the Court is a Supplemental and Renewed Petition for a Writ of Habeas Corpus (the "Amended Petition") filed pursuant to 28 U.S.C. § 2254 by Robert Lincoln ("Petitioner"). (Doc. No. 89.) On April 24, 2026, United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation ("R&R"), recommending that the Amended Petition be denied and that a certificate of appealability not be issued. (Doc. No. 111.) On May 11, 2026, Petitioner filed objections to the R&R. (Doc. No. 112.) For the reasons set forth below, the Court will approve and adopt the R&R (Doc. No. 111) and deny the Amended Petition (Doc. No. 89).[1]

## II. BACKGROUND

A prior decision from the Pennsylvania Superior Court sets forth relevant facts of this case as follows:

[1] For purposes of this Opinion, the Court has considered the Amended Petition for a Writ of Habeas Corpus (Doc. No. 89), the Response in Opposition to the Petition (Doc. No. 99), the Reply in Support of the Amended Petition (Doc. No. 102), the Supplemental Memoranda (Doc. Nos. 108, 109), the Report and Recommendation (Doc. No. 111), the Objections to the Report and Recommendation (Doc. No. 112), and the relevant state record.

> In [November 2002], [Petitioner] savagely beat a woman in whose home he was a guest, stole the proceeds of her social security checks, and left the victim and her two severely retarded children to fend for themselves. Unable to reach his sister by telephone, the victim's brother came to the victim's home, discovered her lying in a pool of blood, and her children sitting in a pile of their own feces.

Commonwealth v. Lincoln, No. 3632 EDA 2003, 2017 WL 4679656, at *1 (Pa. Super. Ct. Oct. 18, 2017) (quoting Com. v. Lincoln, 905 A.2d 1045 (Pa. Super. Ct. 2006)).

On October 27, 2003, Petitioner appeared before the Philadelphia Court of Common Pleas and entered a negotiated guilty plea to attempted murder, robbery, and aggravated assault. Commonwealth v. Lincoln, CP-51-CR-0505011-2003, Criminal Docket (Phila. Cnty. C. C. P.) ("Docket Sheet") (Disposition Sentencing/Penalties). Petitioner was sentenced to sixteen (16) to forty (40) years incarceration, followed by twenty (20) years probation. Id. The R&R summarizes the procedural history as follows:

> [Petitioner's] direct appeal was withdrawn, and through extended federal habeas and state post-conviction proceedings, his right to a direct appeal was reinstated. The Superior Court affirmed the judgment of sentence on October 18, 2017, rejecting his arguments that his guilty plea was not knowing and voluntary on three grounds: (1) the court failed to advise him of the correct maximum sentence, (2) the plea to attempted murder lacked a factual basis, and (3) the court failed to advise him of the elements of attempted murder and robbery. Notably, these are the three claims presently before this court. The Pennsylvania Supreme Court denied [Petitioner's] petition for allowance of appeal.
>
> On August 30, 2019, [Petitioner] filed a counseled post-conviction petition in state court, raising grounds not relevant here. The PCRA court denied relief, and [Petitioner] did not appeal that denial.
>
> On July 14, 2022, [Petitioner] filed in this court his counseled Memorandum of Law in Support of Reactivated and Supplemental Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. . . . In it he argued that the Superior Court unreasonably rejected the three issues raised in his reinstated direct appeal, and also asserted cumulative error. In response, the District Attorney argued that the three substantive claims are meritless and the cumulative error claim is unexhausted and lacks merit. [Petitioner] filed a reply addressing his claims.

(Doc. No. 111 at 1–3) (citations omitted.)

In the Amended Petition, Petitioner claimed his guilty plea was not knowingly, voluntarily, and intelligently entered for the following reasons:

1) the trial court failed to correctly advise him of the maximum sentence faced;

2) his plea to attempted murder lacked a factual basis;

3) the trial court failed to advise him of the elements of attempted murder and robbery; and

4) his plea was not knowingly, intelligently, and voluntarily made based on a cumulative error theory.

(See Doc. No. 89 at 17, 20, 22, 26.)

In the R&R, Judge Hey recommended that the Amended Petition be denied. (Doc. No. 111 at 1.) On May 11, 2026, Petitioner made the following three objections to the R&R: (1) the court erred in concluding Petitioner's reactivated claim is untimely; (2) the court incorrectly found that the District Attorney did not waive the limitations defense; and (3) the court violated the Party-Presentation Doctrine. (Doc. No. 112.)

**III. STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district court judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. See 28 U.S.C. § 636(b)(1)(B); E.D. Pa. Civ. R. 72.1. Any party may file objections in response to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). Whether an objection is made or not, a district judge "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 784, 878 (3d Cir. 1987).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. See E.D. Pa. Civ. R. 72.1. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations[,] or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-cv-5639, 2021 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina Coll. v. Russell, 499 U.S. 255, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV. ANALYSIS

### A. The Amended Petition is Untimely

Upon initial review of the Amended Petition and the District Attorney's response, Judge Hey directed the parties to address the timeliness of the Amended Petition. (See Doc. No. 104.) The District Attorney responded, arguing that the Amended Petition is untimely because the claims were raised outside the limitations period and do not relate back to the original Petition. (Doc. No. 108.) Conversely, Petitioner argues the Amended Petition is timely because the District Attorney waived any timeliness objection by not raising it previously and, in any event, the Amended Petition's claims relate back to the original Petition. (Doc. No. 109.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for the filing of a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id. § 2244(d)(2).

Here, the Pennsylvania Superior Court affirmed the judgment of Petitioner's sentence on October 18, 2017. On June 4, 2018, the Pennsylvania Supreme Court denied allocatur. Petitioner's conviction became final ninety days (90) later on September 4, 2018, when the time expired for him to seek review in the United States Supreme Court.[2] Thus, the federal statute of limitations for Petitioner to file a petition for a writ of habeas corpus began running on September 4, 2018.

The federal statute of limitations tolled 360 days after September 4, 2018, or on August 30, 2019, when Petitioner filed a timely Post-Conviction Relief Act ("PCRA") petition. See 28 U.S.C. § 2244(d)(2) (noting that the time during which a properly filed state post-conviction application is pending shall not be counted toward federal limitations period). On July 13, 2021, Petitioner's PCRA petition was denied. Thirty days (30) later, on August 12, 2021, Petitioner's time to appeal the denial of PCRA relief expired. See Pa. R. App. P. 903(a) (appeal shall be filed

---

[2] The 90-day deadline to file a petition for writ of certiorari after entry of judgement fell on Sunday, September 2, 2018 and the next day, Monday, September 3, 2018 was Labor Day. See generally Fed. R. Civ. P. 6(a)(1)(C) (if last day in computation is a weekend or holiday, the period runs until next day that is not a weekend or holiday); 1 Pa.C.S. § 1908 (if last day for filing deadline falls on weekend or holiday, such day shall be omitted from computation).

within 30 days after entry of order appealed from). Thus, the federal limitations period to file a petition for a writ of habeas corpus resumed on August 12, 2021.[3]

Because 360 days had already passed between when Petitioner's judgment became final and when Petitioner filed his PCRA petition, Petitioner had five (5) days remaining of his one-year period to file a petition for a writ of habeas corpus. So, Petitioner's claims were due no later than August 17, 2021. However, Petitioner did not file his Amended Petition until July 14, 2022, over 330 days after the limitations period had already expired. Accounting for the tolled period, over 690 days—far more than the 365-day statute of limitations period—passed since Petitioner's judgment became final and when he filed his Amended Petition for writ of habeas corpus. Therefore, Petitioner's Amended Petition was untimely filed.

**1. The District Attorney did not waive timeliness defense**

Petitioner argues that his Amended Petition is timely because his original habeas petition was filed in 2007, before his direct appeal rights were reinstated. (Doc. No. 89 at 16.) As Judge Hey correctly noted, however, timeliness is assessed on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113, 118-19 (3d Cir. 2004).

Petitioner's original Petition asserted two ineffective assistance of counsel claims: that counsel failed to (1) preserve Petitioner's direct appeal and (2) move to withdraw Petitioner's guilty plea after being instructed to do so. (Doc. No. 1 ¶ 12.) By contrast, Petitioner's Amended Petition, filed on July 14, 2022—after the statute of limitations had expired—asserted three new claims challenging the validity of the plea colloquy itself. Specifically, Petitioner alleged that his guilty plea was not knowing and voluntary because: (1) the trial court failed to advise him of the

[3] See Pa. R. App. P. 903(a) (30 days to file appeal of PCRA denial after entry of order).

correct maximum sentence, (2) the plea to attempted murder lacked a factual basis, and (3) the trial court failed to advise him of the elements of attempted murder and robbery. (Doc. No. 111 at 1–3.) Thus, the timeliness of those claims is measured by the filing date of the Amended Petition, not the filing date of Petitioner's original Petition.

In his Objections, Petitioner contends the District Attorney waived any timeliness defense by failing to raise it until Judge Hey directed supplemental briefing on the issue.[4] (Doc. No. 112 at 10–12); see also (Doc. No. 104). The District Attorney only raised the defense after being instructed by Judge Hey to do so. Judge Hey rejected that argument, explaining:

> As to Lincon's waiver argument, [Judge Hey] decline[s] to find that the District Attorney waived the timeliness defense. It is true that, unlike exhaustion which by statute can only be waived expressly, 28 U.S.C. § 2254((b)(3), timeliness can be waived implicitly. See generally Robinson v. Johnson, 313 F.3d 128, 134-37 (3d Cir. 2002). Relevant factors in finding a waiver include the length of the delay in asserting the defense and prejudice to the petitioner by the late assertion. See, e.g., Day v. McDonough, 547 U.S. 198, 210 (2006); Long v. Wilson, 393 F.3d 390, 399-401 (3d Cir. 2004).
>
> Initially, it is noteworthy that [Petitioner] never sought leave to file the Amendment. See Fed. R. Civ. P. 15(a)(2) (party may amend pleading only with opposing party's consent or court's leave). Rather, on a docket that was closed and inactive for several years, and almost a full year after his reinstated direct appeal was complete, he filed the Amendment entitled "Memorandum of Law in Support of Reactivated and Supplemental Petition for Writ of Habeas Corpus

---

[4] Petitioner also contends that Judge Hey, through directing the parties to brief the issue of timeliness, violated the Party-Presentation Doctrine. (Doc. No. 112 at 12). But, as explained by the Third Circuit, federal magistrate judges may raise AEDPA statute of limitations defenses sua sponte:

> [h]aving in mind that AEDPA's statute of limitations, like other procedural habeas issues, furthers the principles of comity, finality, and federalism,…we hold further that a federal magistrate judge may, consistent with Robinson v. Johnson…raise sua sponte the AEDPA statute of limitations defense even after an answer has been filed…"

Long v. Wilson, 393 F.3d 390, 404 (3d Cir. 2004). Therefore, Judge Hey was within the power of the court to raise the timeliness issue.

> Pursuant to 28 U.S.C. § 2254." Doc. 89. The Amendment made no reference to timeliness other than by referring to the date of the original Petition. Id. at 16. In the initial round of briefing, neither side addressed timeliness. Docs. 99, 102.
>
> Perhaps in view of the lengthy and unusual history of the case, neither side addressed the timeliness of the claims raised in the Amendment until the question was raised by the Court. Therefore, although there was a significant delay in the District Attorney's assertion of the defense, the District Attorney gained no strategic or other advantage in delaying its raising of the defense. By the time [Petitioner] filed the Amendment, the statute of limitations had already run, and therefore the District Attorney's failure to raise the defense in no way contributed to the lateness of the Amendment or [Petitioner]'s ability to render it timely. These circumstances do not call for finding of a waiver of the defense. See Day, 547 U.S. at 210-11 (court, after giving parties notice and opportunity to address timeliness, did not abuse discretion in applying time bar where state's failure to raise defense was inadvertent error rather than strategic and no proceedings occurred in interim).

(Doc. No. 111 at 10–12.)

The Court agrees with Judge Hey's analysis. Although the District Attorney did not raise the timeliness defense in its initial briefing, nothing in the record suggests the delay was strategic. As Judge Hey explained, both parties initially overlooked the issue, likely because of the unusual procedural history of this case. More importantly, Petitioner suffered no prejudice from the delayed assertion of the defense. By the time Petitioner filed the Amended Petition, the one-year statute of limitations had already expired. Thus, the District Attorney's delay neither contributed to the untimeliness of the Amended Petition nor affected Petitioner's ability to render it timely. Under these circumstances, the Court agrees with Judge Hey that the District Attorney did not waive the timeliness defense.

**2. Amended Petition does not relate back to Petitioner's Original Petition**

Habeas applications "'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting 28 U.S.C. § 2242). Rule 15 of the Federal Rules of Civil Procedure provides that "[a]n amendment to a

pleading relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original proceeding." Fed. R. Civ. P 15(c)(1)(B).

As Judge Hey noted, the rule applicable to habeas corpus pleadings requires a petitioner to "'specify all grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" Id. (quoting Habeas Corpus Rule 2(c)). In habeas corpus pleadings, new claims relate back only when they arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type. Id. at 657. Relation back cannot be "satisfied simply because the amendment and petition pertain to the same 'conviction or sentence.'" Wilkerson v. Superintendent Fayette SCI, 871 F.3d 221, 237 (citing Mayle, 545 U.S. at 657).

Here, the relevant claims in Petitioner's original Petition alleged ineffective assistance of counsel for failing to: (1) preserve his direct appeal and (2) move to withdraw his plea after Petitioner instructed counsel to do so. (Doc. No. 1 ¶ 12.) By contrast, the Amended Petition is based on a different set of operative facts, challenging the plea colloquy itself, including the court's recitation of the maximum sentence, explanation of the offense's elements, and establishment of the factual basis for the plea. (See Doc. No. 89 at 11–16.)

That both claims involved Petitioner's guilty plea is not by itself sufficient to find that the claims arise from the same core of operative facts. Because the claims are directed to error of different types by different actors, the claims in Petitioner's Amended Petition do not arise out of the same operative facts as the timely pled claims in his original Petition.[5] Therefore, the claims

---

[5] In support of his relation-back argument, Petitioner relies on a Motion he filed in October 2013 under Rule 60(a) of the Federal Rules of Civil Procedure. (Doc. No. 109 at 6–7.) However,

in the Amended Petition do not relate back to the original Petition, and the claims in the Amended Petition are time-barred.

**B. The Court Need Note Address Whether the Amended Petition is Second or Successive**

The District Attorney argues that the Amended Petition may constitute an unauthorized second or successive petition because Petitioner filed it after the district court entered its judgment on his initial habeas petition. (Doc. No. 108 at 6) (citing Rivers v. Guerrero, 605 U.S. 443, 446–47 (2025)). Petitioner responds that the Amended Petition is not second or successive because this habeas action remained open after his appellate rights were reinstated. (Doc. No. 109 at 5).

Whether the Amended Petition is second or successive is unsettled. In any event, the Court agrees with Judge Hey that it need not resolve that issue because, as discussed above, the Amended Petition is untimely.

Any claim "presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Further, any "claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed" unless either the claim relies on a new and retroactive rule of constitutional law or on facts that could not previously have been discovered through the exercise of diligence. Id. § 2244(b)(2)(A)–(B). Prior to filing a claim not previously raised in district court, the applicant "shall move in the . . . court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A).

---

Rule 60 focuses on corrections to, or relief from, a judgment or order—not amendments to claims. And under Rule 60, amendments to claims cannot be raised.

As Judge Hey observed, the Third Circuit has not yet decided whether a petitioner who successfully obtains reinstatement of direct appellate rights through a prior § 2254 petition may later file another § 2254 challenging the same conviction without triggering AEDPA's restriction on second or successive petitions. Other courts are divided. Judge Hey summarized the split among the circuits as follows:

> Looking outside our Circuit, in Martinez v. United States, the defendant filed a section 2255 motion raising several claims of ineffective assistance of appeal counsel, and one of the claims resulted in a reinstated right to petition the Supreme Court for certiorari review of the Eight Circuit's affirmance of his conviction. Civ. No. 09-4037 & Cr. No. 02-40036-1, 2011 WL 782284, at *1 (D.S.D. Feb. 24, 2011). After certiorari was denied, he filed another section 2255 motion raising claims of ineffective assistance of trial counsel, and the parties disputed whether the pending motion was second or successive. Id. at *2. The court moted that three circuit courts have held that reinstated appellate proceedings essentially reset the "counter" for purposes of the second or successive analysis. Id. at *3 (citing In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999); Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998); United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997)). On the other hand, one circuit court decided the other way, concluding that a later motion attacking the same conviction and sentence following a reinstated appeal is second or successive. Id. (citing Jamison v. United States, 244 F.3d 44, 46 (1st Cir. 2001)).
>
> The court opted to follow the majority approach. Martinez, 2011 WL 782284, at *3. Nevertheless, it still examined the claims individually to assess which if any were second or successive. . . . [B]ecause Martinez could have brought his claims regarding trial counsel's effectiveness in his first motion but did not, those claims were second and successive. Id. ("Reviewing these claims now . . . would frustrate both AEDPA's concern with delay and with the finality of Movant's . . . conviction.").

(Doc. No. 111 at 7–8.)

As Judge Hey explained, under the majority approach adopted in Martinez, Petitioner's Amended Petition would be a second or successive one because Petitioner could have raised his ineffective assistance of counsel claims in his original habeas petition but instead waited until after the completion of his reinstated direct appeal. Judge Hey further recognized that, under the contrary approach, the Amended Petition would not be considered second or successive if

Petitioner's reinstated direct appeal effectively reset the second or successive analysis. The Court need not decide which approach applies here. Instead, the Court adopts Judge Hey's conclusion that the Amended Petition is untimely and therefore declines to resolve the second or successive issue.

## V. CONCLUSION

For the foregoing reasons, the Court will overrule Petitioner's Objections to Magistrate Judge Hey's Report and Recommendation (Doc. No. 112), approve and adopt Magistrate Judge Hey's Report and Recommendation (Doc. No. 111), and deny the Amended Petition for Writ of Habeas Corpus. (Doc. No. 89.) A certificate of appealability will not be issued because "reasonable jurists would [not] find the district court's assessment of the constitutional claims debatable or wrong" and Petitioner has not made a substantial showing of a violation of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2).